IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| The Ohio Casualty Insurance Company,<br><br>Plaintiff,<br>v.<br><br>Kenneth A. Beall and Deborah D. Beall,<br><br>Defendants. | Case No.   3:23-CV-00060-TES |

## ORDER REQUIRING DEFENDANTS TO POST SECURITY

This matter comes before the Court on Plaintiff's Motion to Require the Defendants to Post a Supersedeas Bond [Doc. 43] to remain in effect during the pendency of the Defendants' appeal of this Court's Order [Doc. 38] and Judgment [Doc. 39].

The Motion is properly supported by law. *See* O.C.G.A. § 5-6-46(a) (providing for supersedeas in civil cases upon filing of the notice of appeal and payment of all costs in the trial court and providing for supersedeas bond upon motion of appellee); O.C.G.A. § 9-12-80 (providing the effect of judgments under Georgia law as binding on all property of the defendant); *First Citizens Bank & Tr. Co. v. River Walk Farm, L.P.*, No. 1:13-cv-01488-WCO, 2015 U.S. Dist. LEXIS 180726, at *3 (N.D. Ga. Jan. 5, 2015); *Bennett v. Hendrix*, No. 1:00-CV-2520-TWT, 2007 U.S. Dist. LEXIS 65815, at *5 (N.D. Ga. Sep. 4, 2007) (holding that "[o]nce the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes."). Federal Rule of Civil Procedure 62(f) and O.C.G.A. § 5-6-46(a), read together and incorporating Georgia law, obligate the Defendants to post a supersedeas bond upon demand by appellee. *See Bank S., N.A. v. Roswell Jeep Eagle*, 408 S.E.2d

503, 504 (1991) ("[A]ppellee shall be entitled to the posting of a supersedeas bond upon its motion.").

Accordingly, it is hereby ordered that Plaintiff's Motion to Require the Defendants to Post a Supersedeas Bond [Doc. 43] is **GRANTED**. Defendants shall file a supersedeas bond, or such other security as described below, within 21 days of the entry of this order, in the amount of FOUR HUNDRED SIXTY-TWO THOUSAND, SIX HUNDRED FIFTY-SEVEN DOLLARS AND NO CENTS ($462,657.00) representing the total of the unsatisfied judgment. [Doc. 39]. In the event security is not posted, Plaintiff retains the right to enforce the judgment.

Any supersedeas bond filed shall be issued by a surety who meets the qualifications of 31 U.S.C. §§ 9304–08 and which is identified by the Treasury Department's list of certified companies in Department Circular 570 dated July 1, 2024. As alternative security, Defendants may file an irrevocable letter of credit (ILOC) from a financial institution insured by the FDIC, with such terms on the ILOC that ensure it is enforceable under the same terms as a supersedeas bond.

Defendants shall deliver to the Clerk the original security and file a notice of the same. Upon posting the supersedeas bond, the security provider submits itself to the jurisdiction of this Court and irrevocably appoints the Clerk of the District Court, Middle District of Georgia, as its agent upon whom any papers affecting the liability on the security may be served. Fed. R. Civ. P. 65.1. The security provider's liability may be enforced on motion pursuant to O.C.G.A. § 5-6-46(d) and Fed. R. Civ. P. 65.1, without necessity of an independent action.

**SO ORDERED**, this 25th day of October, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**