# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **THE OHIO CASUALTY INSURANCE COMPANY,** *Plaintiff,* v. **KENNETH A. BEALL and DEBORAH D. BEALL,** *Defendants.* | **CIVIL ACTION NO. 3:23-cv-00060-TES** |

## CHARGING ORDER

On August 30, 2024, Plaintiff The Ohio Casualty Insurance Company obtained a Judgment [Doc. 39] against Defendants Kenneth A. Beall and Deborah D. Beall, jointly and severally, in the amount of $462,657.00, plus post-judgment interest at 4.41% per annum until paid in full. [Doc. 39, p. 1]. This Judgment remains unsatisfied, so Plaintiff filed and served upon Defendants this Motion [Doc. 53] seeking a charging order under O.C.G.A. § 14-11-504(a) and injunctive relief. *See* [Doc. 53, pp. 1, 6]. Defendants neither opposed nor otherwise responded to the Motion.

Under Federal Rule of Civil Procedure 69(a)(1), courts generally enforce money judgments by writs of execution, the procedure for which "must accord with the procedure of the state where the court is located"—which in this case is Georgia. Georgia law provides that, upon application by a judgment creditor of a limited liability

company ("LLC") member, a court of competent jurisdiction "may charge the [LLC] interest of the member . . . with payment of the judgment with interest." O.C.G.A. § 14-11-504(a). A charging order confers on a judgment creditor "only the rights of an assignee of the [LLC] interest"—namely, the right to receive any distributions that would otherwise be payable to the debtor-member—up to the full amount of the unpaid judgment. *Id.*; *see* O.C.G.A. 14-11-101(13); *Gaslowitz v. Stabilis Fund I, LP*, 770 S.E.2d 245, 248 (Ga. Ct. App. 2015).

Having reviewed the record, the Court finds that Plaintiff holds a valid Judgment against Defendants Kenneth and Deborah Beall, and that the original $462,657.00 judgment amount (plus interest accruing from August 30, 2024, at the rate of 4.41% per annum) remains unsatisfied. *See* [Doc. 39]. Next, having considered the evidence submitted by Plaintiff combined with Defendants' failure to contest Plaintiff's allegations, *see* [Doc. 53, ¶¶ 6–7], the Court further finds that (1) Defendant Kenneth Beall is a member of Beall & Company, LLC, Lake Welbrook Properties, LLC, and Springwood Investment Property, LLC; and (2) Defendant Deborah Beall is a member of KDAWG Investments, LLC and Lake Welbrook Properties, LLC. *See* [Doc. 53, ¶¶ 6–7].[1] Thus, Plaintiff has established that it is entitled to a charging order. *See* O.C.G.A. § 14-11-504(a).

---

[1] In support of its Application, Plaintiff provided each LLC's Annual Registration, filed with the Secretary of State for the State of Georgia, as exhibits. [Doc. 53-1]; [Doc. 53-2]; [Doc. 53-3]; [Doc. 53-4].

Next, Plaintiff seeks an injunction preventing Defendants from transferring their membership interests to avoid paying the Judgment. *See* [Doc. 53, p. 6]. Plaintiff states that, following the entry of Judgment, Defendants transferred real property in their names to LLCs that were created during the pendency of this case. [*Id.* at p. 2].[2] Thus, having considered the evidence provided by Plaintiff and the lack of any response from Defendants, the Court finds that injunctive relief is warranted to protect Plaintiff's right to collect on the Judgment.

## **CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's Motion for Charging Order [Doc. 53] and **CHARGES** Defendants Kenneth and Deborah Beall's respective membership interests in these LLCs with payment of the outstanding Judgment:

(1) Beall & Company, LLC
(2) KDAWG Investments, LLC
(3) Lake Welbrook Properties, LLC
(4) Springwood Investment Property, LLC

Next, The Court **ORDERS** each LLC to deliver directly to Ohio Casualty any profits, distributions, surpluses, or other payments owed to Defendants Kenneth and Deborah Beall on account of their membership interests, and to continue those deliveries until the Judgment is fully satisfied or otherwise discharged. Finally, the Court **ENJOINS** Defendants Kenneth and Deborah Beall from selling, conveying, gifting, encumbering,

---

[2] To substantiate its concern that Defendants have, and may continue to, attempt to thwart its collection of the Judgment, Plaintiff also provided Certificates of Organization establishing that three of the four LLCs at issue were formed while this case was pending. [Doc. 53-5]; [Doc. 53-6]; [Doc. 53-7].

or otherwise transferring their membership interests until the Judgment is fully satisfied.

    **SO ORDERED** this 6th day of March, 2025.

                                              S/ Tilman E. Self, III
                                              **TILMAN E. SELF, III, JUDGE**
                                              **UNITED STATES DISTRICT COURT**